UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. ACOSTA,

                            Plaintiff,

              -against-

UNITED STATES GOV. et al.,

                            Defendants.

25-CV-5469 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims against the United States Government, the State of New York, Governor Kathy Hochul, Senator James G. Skoufis, Letitia James, the Federal Bureau of Investigation, "JP Morgan Chase," the New York City Police Department, "Bronx NYPD," "Port Authority NY," the City of Yonkers, "Anthem Blue Cross," Rite Aid, Mavis Discount Tires, "E-Z Pass," and numerous additional individuals, federal and state agencies, and private companies.

By order dated February 17, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff alleges widespread collusion by federal, state, and private "counterparts" to violate his constitutional rights through policies, surveillance, and data collection, such as commercial requirements to "scan [his] ID" for tobacco and alcohol sales. (ECF 1 at 3, 7.) He cites repeated incidents where retail clerks have required him to have his ID scanned, or refused him sales. Plaintiff also brings claims for general governmental misconduct related to COVID-19 policies.

Plaintiff asserts that he has suffered health harms from "cloud seeding/chemtrails," and that this has increased his financial burdens for purchasing inhalers. He alleges that

> Plaintiff Mr. Acosta can display years of dripping clouds, and to this day. On any given hour of any day Plaintiff can look out his windows and see them "seeding."

(*Id.* at 4.)

Plaintiff further alleges:

> He is disabled a recovering alcoholic and heroin addict and rehabilitated under the promises and programs to end recidivism and relapse. . . . Plaintiff finds it odd

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

> how Mr. Trump has been tried and convicted or not in so many courts, yet all the other known violations of his peers and those seeking to keep him out of office still waverer in the forgotten minds of the people. Plaintiff in taking of no sides holds this to be a "Puppet Show" that must end. Plaintiff Does Not Consent to the evil forces and their trickery, and stands to challenge in the eyes of the Almighty Creator of all things, the very exitance of energy and matter in all forms. No one may take that of the creator and think they can over master it!

(*Id.* at 5.)

Plaintiff states that St. Luke's Hospital in Newburgh, New York, would not ensure "unvaccinated blood" for surgery, leading to his refusal to proceed with medical treatment that he needed. (*Id.* at 6.)

Plaintiff seeks monetary damages of $58,000,000,000; expungement of his criminal and driving records; cessation of any surveillance and personal data collection; exemption from federal and other taxes (except sales tax); the right to bear arms despite prior felon status; a public vote to end New York's "no-sue" workers' compensation structure; the freedom to travel, hunt, and fish without licenses; cessation of law enforcement stops; and, from each defendant, cash, precious metals, land, stocks, and a vehicle.

Plaintiff submits additional letters, supporting briefs, "affidavits of truth," and "affidavits of constitutional violations." (ECF 4-20, 22-24.) He also submits information about the appeal of a speeding conviction (ECF 21) and has filed a notice styled as a "Notice of estoppel and stipulation on constitutional challenge to all New York state statues where no bill of attainer, ex post facto law, law impairing the obligation of contracts shall ever be enacted; and motion to intervene with an injunction for the name Acosta: Anthony-Michael dba MICHAEL ANTHONY ACOSTA." (ECF 25.)

## DISCUSSION

The IFP statute requires the court to dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either:

3

(1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437.

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33). A court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that many of the allegations rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has pleaded no factual predicate in support of his assertions. His assertions amount to conclusory suspicions that are not plausible and must be dismissed as frivolous. *See, e.g., Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous" based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

**LEAVE TO AMEND**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)

(citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to terminate all pending motions and enter judgment dismissing this action.

SO ORDERED.

Dated:   March 24, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge